Kathryn Lee Boyd (SBN 189496)
**HECHT PARTNERS LLP**
2121 Avenue of the Stars, Suite 800
Century City, CA 90067
Tel.: (646) 502-9515
lboyd@hechtpartners.com

David L. Hecht (*pro hac vice* forthcoming)
**HECHT PARTNERS LLP**
125 Park Avenue, 25th Floor
New York, NY 10017
Tel.: (212) 851-6821
dhecht@hechtpartners.com

*Attorneys for Respondent Pouya Taaghol*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: SUBPOENA TO POUYA TAAGHOL<br><br>IN CONNECTION WITH<br><br>EDGE NETWORKING SYSTEMS LLC,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM SERVICES LLC,<br><br>Defendant. | Case No. 5:26-mc-80066-SVK<br><br>**DR. POUYA TAAGHOL'S OPPOSITION TO AMAZON.COM SERVICES LLC'S MOTION TO COMPEL COMPLIANCE WITH RULE 45 SUBPOENA**<br><br>Judge: Hon. Susan van Kuelen<br><br>Action Filed: March 10, 2026 |

## I. INTRODUCTION

Amazon.com Services LLC ("ASL") seeks to compel a non-party inventor to produce email communications over legitimate, preserved objections—nearly a year after receiving those objections. The motion is admittedly **duplicative** of ASL's failed attempt to compel the same documents from the plaintiff in the pending *Edge Networking Systems LLC v. Amazon Services LLC* case in the Eastern District of Texas case ("the Texas Case").

The true purpose of ASL's motion is revealed by its timing. ASL filed an early Motion for Summary Judgment ("MSJ") in the Texas Case on December 23, 2025, four months before the close of discovery in that case. ASL's MSJ argued that Edge lacks standing because the asserted patents in that case were [redacted]. ASL deposed Dr. Pouya Taaghol ("Taaghol") two weeks before filing its MSJ, on December 9, and cited his testimony at least ***fifteen times*** in the MSJ. ASL thus had a full opportunity to ask Taaghol everything relevant to ASL's standing theory and was satisfied that the fulsome discovery they obtained entitled them to summary judgment.

But now, apparently dissatisfied with its own MSJ briefing (having seen Edge's response in opposition), ASL seeks to use this subpoena proceeding in a desperate attempt to re-open discovery on that issue to fish for ways to prop up its motion. ASL is quite open about the fact that they are seeking a fishing expedition: "The withheld emails ***may*** reveal what Edge knew (or should have known) at the time of purchase." Mot. at 1. This is nothing but ASL's wild guess; it has no idea what any allegedly withheld documents might contain. Importantly, the documents were not withheld. Plaintiff, Edge Networking Systems LLC ("Edge") produced all emails which Dr. Taaghol collected and provided to Edge, except for two privileged emails that were logged. **That is why ASL's parallel motion to compel in Texas was ultimately denied.**

ASL acknowledges that discovery in the Texas Case has closed. It further acknowledges that it first served its subpoena to Taaghol roughly one year ago, on March 28, 2025, **and that Taaghol objected**. But it does not even attempt to explain why it waited ***nearly one year*** to seek a production and move to compel. Nor does it explain why Taaghol should be burdened with duplicative collection, search, review, logging, and production of email communications with

Edge Networking Systems LLC ("Edge") that, as a sender/recipient, are necessarily in that entity's possession, custody, or control. Indeed, Edge **has produced** all such ***non-privileged*** emails. Accordingly, there is simply no reason for ASL's motion to compel.

Worse yet, ASL omits the most important testimony from Taaghol on this issue: "I don't recall there was anything. It was just basically agreements sent over and signed, and that was pretty much it. **I don't think there was anything more**." (emphasis added). Accordingly, ASL is wrong that it "did not learn about the withheld emails until Taaghol's deposition" because **there were no such emails**.

Since there is "nothing more," the Court should deny ASL's motion, as the Texas court already has.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Texas Court Has Already Denied ASL's Parallel Motion to Compel

ASL acknowledges that it simultaneously pursued the identical emails from Edge in the Texas Case. Mot. at 2 n.1. That motion denied as moot given Edge's representation that it has produced "all emails … with the exception of two … that were logged." Declaration of David L. Hecht ("Hecht Decl."), **Exhibit A** (Order Denying ASL's Sealed Motion to Compel).

### B. Taaghol Timely and Properly Responded to the Subpoena

Taaghol is a named inventor who sold patents, including the patents-in-suit in the Texas Case, to Blue Wave IP, LLC, Edge's parent company, in 2020, pursuant to a Patent Purchase Agreement ("PPA"). [redacted] Taaghol is not a party to the underlying Texas Case (Case No. 2:24-cv-00887-JRG-RSP, E.D. Tex., Marshall Division).

On March 28, 2025, ASL served a Rule 45 subpoena on Taaghol (the "Subpoena"), requesting, among other things, [redacted]. On May 5, 2025—timely under Rule 45—Taaghol served written Responses and Objections ("R&Os"). *See* Hecht Decl., **Exhibit B** at pp. 7-8, 12-13. The R&Os expressly objected to both requests as "improperly seeking discovery of e-mail and other electronic communications," and

separately objected on grounds of attorney-client privilege, work-product doctrine, non-disclosure agreements, and third-party confidentiality obligations. *Id*. at 8, 12. Pursuant to those objections, Taaghol committed to produce non-privileged, responsive documents and did so. His objections to emails were expressly preserved and he produced no emails, a fact ASL has known for almost a year now.

**C. ASL's MSJ Relies Extensively on Taaghol's Deposition Testimony**

On December 9, 2025, ASL deposed Taaghol for a full day. ASL's counsel had the opportunity to ask Taaghol any question relevant to the Asserted Patents, the 2013-2014 patent filings, [redacted], communications about the same, and anything else it now claims is critical to its summary judgment briefing in the Texas Case.

Two weeks after Taaghol's deposition, on December 23, 2025, ASL filed its MSJ. Hecht Decl., **Exhibit C**. The MSJ cited Taaghol's deposition testimony (Exhibit 4 therein) at least fifteen times. *Id*. at 2, 4-10, 12, 17-18. Thus, ASL obtained comprehensive deposition testimony from Taaghol, used it to build its MSJ, and filed that MSJ two weeks later. The MSJ has since been opposed by Edge, fully briefed, and submitted to the district court in the Eastern District of Texas, where it is still pending.

**D. ASL's Months-Long Delay in Raising the Email Issue**

Taaghol's email objections were set forth in his May 5, 2025 R&Os. Hecht Decl., Ex. B. **ASL received those R&Os and Dr. Taaghol's production and took no action for over eight months**.

Only on January 20, 2026—more than eight months after service of the R&Os and more than three weeks after submission of the MSJ—did ASL first raise a demand for Dr. Taaghol to collect, search, review, log, and produce emails. The parties met and conferred on February 10, 2026. ASL then moved to compel Edge (not Taaghol) in the Eastern District of Texas on February 18, 2026—which was denied as moot. Hecht Decl., Ex. A. After Edge's counsel represented that it no longer represented Taaghol did ASL file this separate motion against Taaghol on March 9,

2026, three days before the March 12, 2026 fact discovery cutoff in the Texas Case. ASL is solely responsible for this delay.

**E. The Representation History Is Not Gamesmanship.**

ASL characterizes the transition in Taaghol's legal representation as a "shell game." It is not. Fabricant LLP represented Taaghol during the subpoena response period and his December 2025 deposition. Following that deposition, Fabricant's engagement for discovery purposes concluded. Hecht Partners now separately represents Taaghol exclusively in connection with opposing ASL's pending MSJ—a motion that relies on Taaghol's deposition testimony to argue that Edge lacks standing. This limited engagement was properly disclosed to ASL when it arose.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 45 governs enforcement of third-party subpoenas. The scope of permissible discovery under Rule 45 mirrors Rule 26(b): a party may seek only "nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Rule 45 imposes heightened protections for non-parties: the serving party must "take reasonable steps to avoid imposing undue burden or expense," and the court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(1), (d)(3). Courts in this district recognize that "[n]on-parties that are unrelated to the litigants should not be burdened in discovery to the same extent as litigants, and requests to them must be drawn narrowly to meet specific needs for information."

A non-party may object, among other things, on the basis that the information is privileged, the serving party has adequate alternative sources (such as from a party to the litigation), or the serving party's need is not established. See *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406 (2014); *Balfour Beatty Infrastructure, Inc. v. PB & A, Inc.*, 319 F.R.D. 277 (2017). Third party discovery must not impose "undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1); *see also* Fed. R. Civ. P. 26(g)(1).

## IV. ARGUMENT

### A. ASL Already Obtained Everything from Edge.

ASL's motion is in service of the Texas Case, where discovery has now completed and ASL's MSJ is pending. The Federal Rules do not authorize parties to use third-party subpoenas to reopen or supplement briefing on a pending dispositive motion. Discovery is designed to gather evidence before dispositive motions are filed, not to fish for new evidence after an opponent has responded.

Additionally, the Texas court already **denied** ASL's motion to compel Edge on the same documents (i.e., emails on which Edge's parent company was a sender/recipient) as moot. Hecht Decl., Ex. A. The Texas court presiding over the underlying case, has the complete discovery record, and has now received and is deciding the fully-briefed MSJ—[redacted]. The Texas court was uniquely positioned to assess relevance, proportionality, and privilege in that context—and denied ASL's motion.

ASL deposed Taaghol on December 9, 2025, two weeks before filing its MSJ. It had a full day to examine him under oath about the patent [redacted] and anything else relevant to its standing theory. It did so thoroughly, obtaining 15+ citations worth of testimony that formed the backbone of the MSJ. If ASL believed that it was missing any of Taaghol's pre-sale communications with Blue Wave (which Edge has since produced/logged), it was incumbent upon ASL to request them before Taaghol's deposition or to ask about them during the deposition. Knowing that it had the full benefit of discovery, ASL chose to file an MSJ, early, on the record it had. Now discovery is over in the Texas case, so ASL seeks to reopen it here. This Court should not allow ASL to impose the consequences of that choice on a non-party inventor, particularly where Edge separately produced the very non-privileged email communications collected by Taaghol and provided to Edge (with the exception of two privileged emails that were logged) that ASL seeks here, in order to moot the majority of ASL's

apparent dispute. *See* Hecht Decl., **Exhibit D** (Edge's Corrected Opposition to ASL's Motion to Compel in the Texas Case) at 1.

ASL's motion commits what one court has rightly called "the cardinal sin of selective quotation"—a tactic that, as the court in *McDonald v. City of Chicago* recognized, "can be just as misleading as misquotation." 2011 WL 13755, at *1 (N.D. Ill. Jan. 4, 2011). From beginning to end, the motion relies not on a fair and complete reading of Taaghol's deposition transcript or recounting of facts, but on strategically truncated excerpts to fabricate a narrative of that ASL learned of unproduced emails that evaporates the moment full context is restored.

While ASL quotes extensively from pages 21-22 of the Taaghol deposition transcript (Mot. at 6), it omits the most relevant quotes on next page, [redacted]

> [redacted]
>
> [redacted]
>
> [redacted]

Hecht Decl., **Exhibit E** (Taaghol December 9, 2025 Dep. Tr.) at 23:1-14 (emphasis added).

[redacted]

> [redacted]
>
> [redacted]
>
> [redacted]

*See also* 117:1-12.

Taaghol's testimony was echoed by Edge's CEO at his deposition in the Texas Case. *See* Declaration of David L. Hecht ("Hecht Decl."), **Exhibit F** (Deposition Transcript of Hyundong

(Grant) Kim) at 66:11-14 [redacted]

Despite the fact that Taaghol testified there was not "anything more" than the agreements, as verified by Mr. Kim, ASL nonetheless chose to file its motion. The Court should deny the motion to compel in its entirety, as the Texas Court has already done. *See* Hecht Decl., Ex. D.

**B. Taaghol's Email Objections Were Proper and Were Never Timely Challenged.**

ASL frames this motion as compelling documents Taaghol "committed to produce." That is inaccurate. He committed to produce "non-privileged, responsive documents"—expressly subject to his written objection that the requests "improperly seek discovery of e-mail and other electronic communications." Hecht Decl., Ex. B. He produced only non-email documents and ASL was fully aware of this. Taaghol's email objection remained unchallenged for eight months.

If ASL took issue with those objections, the time to challenge them was in mid-2025. Rule 45 does not permit a party to sleep on a subpoena objection for eight months and then demand emergency relief three days before the fact discovery cutoff. Even if ASL had not learned about emails until the December 2025 deposition (which is incorrect, since Taaghol testified that he did not think there was "anything more"), it still waited six weeks to send a deficiency letter and another three weeks to request a meet-and-confer. The delay was ASL's at every stage. "[A] motion to compel subpoenaed documents brought pursuant to Rule 45(d)(2)(B)(i) must be filed without undue delay." *V5 Technologies v. Switch, Ltd.*, 332 F.R.D. 356, 363 (D.Nev., 2019); "Courts are guided by a non-exhaustive list of factors to determine the timeliness of a motion to compel: (1) the length of time since expiration of the discovery deadline; (2) the length of time the moving party has known about the discovery; (3) whether the discovery deadline has been extended; (4) the explanation for the tardiness or delay; (5) whether dispositive motions have been scheduled or filed; (6) the age of the case; (7) any prejudice to the party from whom discovery is sought; and (8) disruption of the Court's schedule. *Herndon v. City of Henderson*, 507 F.Supp.3d 1243, 1247–48 (D.Nev., 2020). ASL's motion to compel fails on each and every leg of this inquiry.

**C. Non-Party Status Demands Heightened Protection Under Rule 45.**

Even if ASL's motion were not subject to denial for undue delay, or the fact that it already received the documents it seeks from Edge, Taaghol is not a party to the underlying litigation and must be shielded from undue expense. "[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs" in a Rule 45 inquiry." *Amini Innovation Corp. v. McFerran Home Furnishings, Inc.*, 300 F.R.D. 406, 409 (C.D.Cal., 2014) (internal citations omitted). Taaghol was served with a subpoena, lodged objections, produced documents, and sat for a full-day deposition.

The proportionality calculus here is straightforward: ASL is merely speculating that there exist some unidentified additional emails that have not already been produced by Edge that might prop up ASL's MSJ; for Taaghol, the expense burdens of going through the discovery process yet again, and the risks of disclosing privileged information are real. Rule 45 requires the Court to weigh those costs. Weighed properly on these facts, the balance strongly favors denial.

**V. CONCLUSION**

Dr. Pouya Taaghol respectfully requests that the Court deny ASL's Motion to Compel consistent with the denial of ASL's Motion to Compel in the Texas Case.

DATED: March 24, 2026

<u>*s/ Kathryn Lee Boyd*</u>
Kathryn Lee Boyd (SBN 189496)
**HECHT PARTNERS LLP**
2121 Avenue of the Stars, Suite 800
Century City, CA 90067
Tel.: (646) 502-9515
lboyd@hechtpartners.com

David L. Hecht (*pro hac vice* forthcoming)
**HECHT PARTNERS LLP**
125 Park Avenue, 25th Floor
New York, NY 10017
Tel.: (212) 851-6821
dhecht@hechtpartners.com

*Attorneys for Respondent Pouya Taaghol*

**CERTIFICATE OF SERVICE**

I, Kathryn Lee Boyd, hereby certify that on March 24, 2026, I caused a true and correct copy of the foregoing document and all ancillary documents filed concurrently herewith to be served to all counsel of record and interested parties via CM/ECF and email pursuant to Civil L.R. 5-1(h)(2).

Dated: March 24, 2026

HECHT PARTNERS LLP

By: *__/s/ Kathryn Lee Boyd__*

Kathryn Lee Boyd